Gregory M. Saylin (185328)
David R. Williams (311927)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
*gmsaylin@hollandhart.com*
*drwilliams@hollandhart.com*

*Attorneys for Defendant USANA Health Sciences, Inc.*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN LACASSE, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC., a Utah corporation; and DOES 1 through 100, inclusive; <br><br> Defendants. | Case No: <br><br> **DEFENDANT USANA HEALTH SCIENCES, INC.'S NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453** |

Defendant, USANA HEALTH SCIENCES, INC. ("Defendant" or "USANA") hereby notifies Plaintiff MEGAN LACASSE ("Plaintiff" or "LaCasse"), Plaintiff's counsel, this Court, and the Superior Court of the State of California, County of Sacramento, that the following state action is hereby removed to the United States District Court for the Eastern District of California:

*Megan LaCasse, individually, and on behalf of other members of the general public similarly situated, Plaintiff v. USANA Health Sciences, Inc., a Utah corporation, and DOES 1 through 100, inclusive, Defendants,* Case No. 34-2020-00278413.

Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal along with copies of this Notice of Removal are being served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Sacramento. A copy of the Notice (without exhibits) being filed in state court is attached as **Exhibit A.**

## STATEMENT OF GROUNDS FOR REMOVAL

1.     Pursuant to 28 U.S.C. § 1446(a), the following sets forth a short and plain statement of the grounds for removal.

2.     This action is within the original jurisdiction of this Court and removal is proper under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). CAFA grants United States district courts original jurisdiction over class actions where (A) the class has at least 100 purported members; (B) the aggregate of the class members' claims totals at least $5 million;[1] and (C) there is minimal diversity. 28 U.S.C. § 1332(d).

[1] By estimating the amount in controversy in this Notice of Removal, USANA does not admit that it is liable to Plaintiff in any amount, nor does it make any estimate of Plaintiff's damages. *See, e.g., Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of

**ALLEGATIONS IN THE COMPLAINT**

3.      This action is a putative class action against USANA on behalf of California residents who were USANA Associates during the time period from May 12, 2016, four years preceding filing of the purported Class Action Complaint (the "Complaint"), to the present (the "Relevant Time Period"). The Complaint is attached hereto as **Exhibit B**.

4.      In the Complaint, Plaintiff alleges only one cause of action: A class action claim under Cal. Bus. & Prof. Code §§ 17200 et seq. predicated on violations of various provisions of the California Labor Code (Compl., ¶¶ 41-55), including:

    a.  Cal. Lab. Code §§ 510, 1198, Failure to Pay Overtime. (Compl., ¶ 48).

    b.  Cal. Lab. Code §§ 226.7, 512(a), Failure to Provide Meal Periods. (Compl., ¶ 49).

    c.  Cal. Lab. Code § 226.7, Failure to Provide Rest Periods. (Compl., ¶ 50).

    d.  Cal. Lab. Code §§ 1194, 1197, 1197.1, Failure to Pay Minimum Wage. (Compl., ¶ 51).

    e.  Cal. Lab. Code §§ 2800, 2802 Failure to Reimburse Business Expenses. (Compl., ¶ 52).

---

defendant's liability."); *McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

**TIMELINESS OF REMOVAL**

5.      Plaintiff filed the Complaint on May 12, 2020. The Complaint was served on USANA's registered agent, Corporation Service Company, on May 14, 2020. The Summons is attached hereto as **Exhibit C**.

6.      Removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C) because thirty (30) days have not elapsed since USANA was served with the Complaint and Summons.

7.      The California Superior Court for Sacramento County is located within the Eastern District of California, Sacramento Division. *See* 28 U.S.C. § 84(d). Thus, removal to this United States District Court is appropriate pursuant to 28. U.S.C. § 1441(a).

8.      All defendants "properly joined and served" in a state action must join in the petition for removal. *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Because USANA is the only named defendant, consent by any other defendant is not required.

**SIZE OF THE CLASS**

9.      The Complaint seeks damages on behalf of Plaintiff and "all others similarly situated" and is asserted as a class action under Cal. Code of Civ. Procedure § 382. (Compl., ¶ 12). Thus, it has been filed as a "class action" and meets CAFA's definition of a class action. *See* 28 U.S.C. §§ 1332(d)(1)(B); 1453(a).

10.    Plaintiff defines the class as: "All current and former California-based (i.e., currently "residing" in California with the intent to remain in California indefinitely) exempt independent contractors with the job title "Associate" or those that performed similar duties who provided services to Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment regardless whether they made a commission." (Compl., ¶ 13).

11.    As of March 31, 2020, USANA had current contracts with approximately 4,400 Associates or independent contractors in California. (*See* Declaration of Dan Whitney ("Whitney Decl.") ¶ 2 (attached as **Exhibit D**)). Though it is likely that there have been more USANA Associates during the Relevant Time Period than just those with current contracts as of March 31, 2020, USANA will use this number as a conservative estimate of the size of the purported class only for purposes of this Notice of Removal. Thus, while not conceding that Plaintiff is similarly situated to any of the 4,400 California Associates or that such a class is certifiable, and for CAFA removal purposes only, Defendant acknowledges that Plaintiff seeks to represent a class of greater than 100 class members.

**AMOUNT IN CONTROVERSY**

12.    The Complaint seeks recovery under Cal. Bus. & Prof. Code §§ 17200 et seq. for violations of several sections of the California Labor Code. While

expressly disputing that there is any merit to the Complaint's allegations or causes of action, the amount in controversy under the Complaint satisfies the $5 million threshold requirement of CAFA.

**Restitution for Violations of Labor Code §§ 510 and 1198 (Unpaid Overtime)**

13.    The Complaint states: "At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation." (Compl., ¶ 36).

14.    Plaintiff claims that she and the members of the putative class are entitled to "restitution of the wages withheld and retained by Defendant." (Compl., ¶ 55).

15.    Cal. Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

16. Plaintiff made no allegations in the Complaint regarding the number of hours in a day or workweek that she and/or members of the putative class worked.

17. Therefore, while disputing that any Associate worked more than 40 hours in a week, and for the purposes of this Notice of Removal only, USANA assumes a very conservative number of hours worked: that Associates in California worked only two hours more than forty (40) in a workweek, *i.e.*, a total of forty-two (42) hours per workweek, and that no Associate worked more than twelve (12) hours in a day. *Oda v. Gucci Am., Inc*., No. 2:14-CV-07469-SVW, 2015 WL 93335, at *4 (C.D. Cal. Jan. 7, 2015) (permissible for employer to assume one violation per week at lower overtime rate when complaint short on specifics).

18. Plaintiff did not make any allegations regarding her regular rate of pay as a USANA Associate. As independent contractors, USANA Associates earn commissions from the sale of USANA products, without any reference to an hourly rate of pay. (*See* **Exhibit D**, ¶ 3). However, to make a conservative estimate of the amount in controversy, USANA uses $10 per hour as the regular rate of pay, which was the minimum wage in California at the beginning of the Relevant Time Period. (*See* **Exhibit 1** to USANA's Request for Judicial Notice (History of California Minimum Wage, State of California Department of Industrial Relations, *accessible at* https://www.dir.ca.gov/iwc/minimumwagehistory.htm)).[2]

---

[2] USANA filed a Request for Judicial Notice concurrently with this Notice of Removal, which

**NOTICE OF REMOVAL**

19.     While expressly disputing that Plaintiff or the putative class are entitled to any overtime damages whatsoever, assuming (1) only 2 hours of overtime per week for each of the 4,400 Associates in California during the Relevant Time Period, (2) each potential class member worked only fifty (50) weeks per year, and (3) a regular rate of pay of $10, the amount in controversy regarding Plaintiff's overtime claim is $26,400,000. The formulae are as follows:

$10 (regular rate) x 1.5 = $15 (overtime rate)

$15 (overtime rate) x 2 (# of overtime hours per week) x 50 (number of workweeks per year not including paid time off) x 4,400 (total potential class members) x 4 (the number of years in the Relevant Time Period) = $26,400,000.

20.     USANA disputes that it is liable to Plaintiff in any amount. However, for purposes of this Notice of Removal, the amount in controversy alleged exceeds CAFA's threshold for removal.

---

requests that the Court take judicial notice of the cited document as a "public document, the accuracy of which cannot reasonably be questioned." *Lowe v. Lifestyle Publications, LLC*, No. SACV19198JVSADSX, 2019 WL 1500665, at *2 n.2 (C.D. Cal. Apr. 5, 2019) (taking judicial notice of the "Schedule for California Minimum Wage Rate 2017–2023, published by the California Department of Industrial Relations.").

**NOTICE OF REMOVAL**

**Restitution for Remaining Labor Code Violations**

**(§§ 226.7, 512(a), Failure to Provide Meal Periods; § 226.7, Failure to Provide**

**Rest Periods; §§ 1194, 1197, 1197.1, Failure to Pay Minimum Wages; §§ 2800,**

**2802 Failure to Reimburse Business Expenses)**

21.     Per the analysis above, USANA has already established that the alleged damages exceed the $5,000,000 aggregate amount in controversy threshold for removal purposes under CAFA. However, in avoidance of doubt, the Complaint also asserts claims under Cal. Bus. & Prof. Code § 17200 predicated on (1) "Defendant's failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code sections 226.7 and 512(a)" (Compl., ¶ 49); (2) "Defendant's failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7" (Compl., ¶ 50); (3) "Defendant's failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1" (Compl., ¶ 51); and (4) "Defendant's failure to reimburse any and all necessary expenditures or losses incurred by employees in direct consequence of the discharge of their duties [in violation] of the Wage Orders and California Labor Code sections 2800 and 2802." (Compl., ¶ 52).

22.     Assuming that (1) Plaintiff and each of the putative class members worked at  least "eight (8) hours per day and/or forty (40) hours per week" (Compl., ¶ 36), (2) 50 workweeks per year not including paid time off, and (3) a regular rate

of $10 per hour, each of the following alleged Labor Code violations exceeds the statutory minimum amount in controversy on their own: failure to provide meal breaks,[3] failure to provide rest breaks,[4] and failure to pay minimum wage.[5] Considered either separately or in the aggregate,[6] these claims support USANA's contention that the amount in controversy exceeds CAFA's threshold.

23.    While USANA expressly disputes that Plaintiff and the putative class are entitled to any of the restitution sought, for purposes of satisfying the amount in controversy requirement of CAFA, the allegations show that the amount in controversy exceeds $5,000,000 as required by CAFA.

---

[3] If USANA failed to provide one required meal break per week for each of the purported class members, then it would be subject to restitution of $10 per week for 50 workweeks per year for four years for each of the 4,400 Associates. *See* Cal. Lab. Code § 226.7(c) ("If an employer fails to provide an employee a meal [] period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."). That alone would exceed the required amount in controversy.

[4] If USANA failed to provide one required rest break per week for each of the purported class members, then it would be subject to restitution of $10 per week for 50 workweeks per year for four years for each of the 4,400 Associates. *See* Cal. Lab. Code § 226.7(c) ("If an employer fails to provide an employee a [] rest or recovery period in accordance with a state law… the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."). That alone would exceed the required amount in controversy.

[5] If USANA compensated Associates at a rate of just one dollar per hour less than the minimum wage for each of the purported class members, then it would be subject to restitution of $1 per hour for 40 hours per week for 50 workweeks per year for four years for each of the 4,400 Associates. Cal. Lab. Code § 1194(a) ("any employee receiving less than the legal minimum wage . . . applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage.") That alone would exceed the required amount in controversy.

[6] The amount in controversy for the alleged failure to reimburse business expenses does not on its own exceed CAFA's statutory threshold. However, it provides further support for the aggregated claims to exceed CAFA's threshold.

**NOTICE OF REMOVAL**

**DIVERSITY OF CITIZENSHIP**

24.    CAFA defines "minimal diversity" as one class member being a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2).

25.    This action meets the requirement for minimal diversity. Plaintiff and all other members of her putative class are California residents. (Compl., ¶¶ 5, 13). The Complaint avers that Defendant USANA is a Utah corporation (Compl., ¶ 6). USANA is in fact a Utah corporation with its principal place of business in Salt Lake City, Utah (i.e., where the corporation's high-level officers direct, control, and coordinate the corporation's activities, see *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). (*See* **Ex. D** ¶ 4). Accordingly, there is diversity of citizenship between USANA and at least one Plaintiff, including LaCasse.

## **RESERVATION OF RIGHTS**

26.    By removing this action to this Court, USANA does not waive defenses, objections, or motions available to it under state or federal law, including without limitation jurisdiction, venue, arbitration, standing, or failure to state a claim upon which relief can be granted.

## **CONCLUSION**

27.    This action does not fall within any exclusion to removal jurisdiction. Accordingly, pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453 this case should be

1  removed to the United States District Court for the Eastern District of California,

2

3  Sacramento Division.

4          WHEREFORE, USANA gives notice that the above-described action pending

5  against it in the Superior Court of the State of California, County of Sacramento is

6

7  removed to this Court.

8

9          DATED this 15th day of June, 2020.

10                                  Respectfully Submitted,

11

12                                  */s/ Gregory M. Saylin*
                                    Gregory M. Saylin
13                                  David R. Williams
                                    HOLLAND & HART LLP
14                                  222 South Main Street, Suite 2200
                                    Salt Lake City, UT  84101
15

16                                  *Attorney for Defendant USANA Health Sciences,*
                                    *Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

**<u>PROOF OF SERVICE</u>**

I am a citizen of the United States.  My business address is 222 S. Main Street, Suite 2200, Salt Lake City, UT  84101.  I am employed in the County of Salt Lake, where this service occurs.  I am over the age of 18 years, and not a party to the within action.

On the date set forth below, according to ordinary business practice, I served the following document(s) described as:

**DEFENDANT USANA HEALTH SCIENCES, INC.'S NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**

☐   (BY FAX)  I transmitted via facsimile, from facsimile number 801-799-5700, the document(s) to the person(s) on the attached service list at the fax number(s) set forth therein, on this date before 5:00 p.m.  A statement that this transmission was reported complete and properly issued by the sending fax machine without error is attached to this Proof of Service.

☒   (BY E-MAIL)  On this date, I personally transmitted the foregoing document(s) via electronic mail to the e-mail address(es) of the person(s) AS INDICATED on the attached service list.

☐   (BY MAIL)  I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.  On this date, I placed the document(s) in envelopes addressed AS INDICATED to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐   (BY PERSONAE SERVICE - AS INDICATED ON THE SERVICE LIST)  On this date, I caused the above documents to be delivered by hand delivery to the person(s) below.

☐   (BY OVERNIGHT DELIVERY - AS INDICATED ON THE SERVICE LIST)  On this date, placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☒   (State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2020 at Salt Lake City, Utah.

_____

13

**NOTICE OF REMOVAL**

## SERVICE LIST

| | |
|---|---|
| Douglas Han<br>Shunt Tatavos-Gharajeh<br>Phillip Song<br>JUSTICE LAW CORPORATION<br>751 N. Fair Oaks Avenue, Suite 101<br>Pasadena, CA  91103<br>*dhan@justicelawcorp.com*<br>*statavos@justicelawcorp.com*<br>*psong@justicelawcorp.com* | *Attorney for Plaintiff* |

14769577_v6

**NOTICE OF REMOVAL**