UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Megan Lacasse, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>USANA Health Sciences, Inc., et al.<br><br>Defendants. | No. 2:20-cv-01186-KJM-AC<br><br>ORDER |

Plaintiff Megan Lacasse moves to remand this case to the Sacramento County Superior Court. She argues the defendant, USANA Health Services, Inc., has not shown that more than $5 million is in controversy, so this court lacks jurisdiction over the case under the Class Action Fairness Act. USANA has moved to dismiss. Both motions were submitted without a hearing. Because USANA has not carried its burden to establish this court's jurisdiction, the motion to remand is **granted**, and the motion to dismiss is **denied as moot**.

**I.   BACKGROUND**

Lacasse alleges USANA hired her as an "Associate" about five years ago. *See* Compl. ¶¶ 12–13, 18, ECF No. 1-2. She stopped working for USANA about two years later. *See id.* ¶ 18. According to her complaint, USANA classified Lacasse as an independent

1

1   contractor when it should have treated her as its employee.  As a result, she claims, she was
2   deprived of minimum wages, overtime pay, reimbursements for business expenses, and meal and
3   rest breaks.  *See id.* ¶¶ 28–39, 48–55.  The complaint does not say how often Lacasse (or any
4   other associates) worked overtime, how much less than the minimum wage she earned, how often
5   USANA deprived her of rest or meal breaks, or the amount of her unreimbursed businesses
6   expenses, but she alleges her individual claims are less than $75,000.  *See id.* ¶ 1.  She asserts a
7   single claim under California's Unfair Competition Law and seeks to represent a class of "[a]ll
8   current and former California-based . . . independent contractors" with the same job title who
9   worked for USANA within the last four years.  *See id.* ¶¶ 13, 41–44.

10         Lacasse filed her complaint in Sacramento County Superior Court.  USANA removed the
11  case to this court under the Class Action Fairness Act.  *See* Not. Removal, ECF No. 1.  That act
12  gives U.S. District Courts original jurisdiction over class actions if (1) the proposed class has at
13  least 100 members, (2) the amount in controversy is at least $5 million, and (3) the parties are
14  minimally diverse.  *See* 28 U.S.C. § 1332(d).  USANA submitted a declaration by Dan Whitney
15  with its notice of removal.  *See* Not. Removal Ex. D, ECF No. 1-4.  Whitney is USANA's Vice
16  President of Ethics and Market Expansion.  *Id.* ¶ 1.  He says USANA had about 4,400 associates
17  in California in March 2020 and is a Utah Corporation.  *Id.* ¶¶ 2, 4.  The amount-in-controversy
18  requirement is therefore the only contested condition of this court's jurisdiction under the Class
19  Action Fairness Act.

20         USANA made the following assumptions in reaching its conclusion that more than
21  $5 million is in controversy:

22  - It had 4,400 associates in California for the whole four-year class period.
23  - All of its California associates worked at least eight hours per day and forty hours
24    per week every week.  (The complaint alleges Lacasse and other proposed class
25    members were required to work more than eight hours per day or more than forty
26    hours per week or both, but it does not say how often.  *See* Compl. ¶ 36.)
27  - All of its California associates worked at least two hours of unpaid overtime per
28    week every week.

2

- All of its California associates earned the minimum California wage, $10 per hour.
- Each of its California associates was deprived of at least one meal break and one rest break per week every week over the four-year period.
- Associates worked fifty weeks per year for each of the four years.

*See* Not. Removal at 6–10 & nn.3–4.  USANA argued in the alternative that more than $5 million would be in controversy if it assumed it had paid 4,400 associates $1 less than the minimum wage and they all worked forty hours per week, fifty weeks per year, in each of the previous four years. *See id.* at 10 n.5.  USANA also proposes many alternative assumptions, all of which, it contends, would lead to the same result. *See* Opp'n Remand at 11–14, ECF No. 9.

Lacasse moves to remand the case to state court.  ECF No. 7.  She argues USANA's assumptions are unreasonable and baseless.  USANA also moved to dismiss for improper venue or to transfer this case to the District of Utah.  *See* Mot. Dismiss, ECF No. 5.  Both motions are fully briefed and the court submitted them without oral argument.  *See* Opp'n Remand, ECF No. 9; Reply Remand, ECF No. 13; Opp'n Dismiss, ECF No. 10; Reply Dismiss, ECF No. 14; Minute Order, ECF No. 12.

## II. DISCUSSION

When a complaint does not allege an amount in damages, a defendant who removes the complaint to federal court under the Class Action Fairness Act "need only allege in its notice of removal" that more than $5 million is in controversy. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).  The plaintiff may then contest the removal in either a facial or factual attack. *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020).  "A 'facial' attack accepts the truth of the [jurisdictional] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).  "A factual attack, by contrast, 'contests the truth of the [jurisdictional] allegations, usually by introducing evidence outside the pleadings.'" *Id.* (quoting *Leite*, 749 F.3d at 1121).  But outside evidence is not necessary; a factual attack can also rest on a plaintiff's "reasoned argument" challenging "the truth of the defendant's jurisdictional allegations" and explaining why those assumptions are "not supported by evidence." *Harris*, 980 F.3d at 700.

3

1	The Ninth Circuit's recent decision in *Harris v. KM Industrial* is controlling and shows
2	why Lacasse's motion must be granted. In *Harris*, the plaintiff asserted similar wage and hour
3	claims, including failures to provide rest and meal breaks and to pay overtime wages. *Id.* at 696–
4	97. She sought to represent a class of former employees, including one subclass that had not
5	received the required meal breaks and another that had not received the required rest breaks.
6	*See id.* at 697. The employer removed the case from state court. Its notice of removal cited the
7	declaration of a human resources executive, who said the employer had employed 442 members
8	of the proposed class who had together worked about 40,000 workweeks. *Id.* at 698. The
9	employer then calculated the amount in controversy by assuming among other things that all
10	members of the meal break subclass were members of the rest break subclass and had all missed
11	one meal break and two rest breaks in each week they worked. *See id.*

12	The plaintiff moved to remand, arguing the employer's assumptions were unreasonable.
13	The defendant opposed that motion and offered some additional evidence to support some, but
14	not all, of its assumptions. The district court granted the motion to remand. *See Harris v. KM*
15	*Indus., Inc.*, No. 19-7801, 2020 WL 1970704, at *3 (N.D. Cal. Apr. 24, 2020). The district court
16	held the employer was required to respond with evidence supporting its assumptions. *See id.* The
17	Ninth Circuit affirmed on essentially the same basis. *See, e.g.*, 980 F.3d at 702 ("We . . . agree
18	with the district court that relying on the factually unsupported and unreasonable assumption that
19	the 442 Hourly Employee Class members worked shifts long enough to entitle them to meal and
20	rest periods would exaggerate the amount in controversy.").

21	Like the plaintiff in *Harris*, Lacasse here makes a factual attack by contesting the
22	reasonableness of the assumptions underlying USANA's conclusion that more than $5 million is
23	in controversy. Like the defendant in *Harris*, USANA has not cited evidence to support its
24	assumptions. And as in *Harris*, its assumptions are unreasonable without that evidence. USANA
25	does not explain why it is reasonable to assume that it had the same number of associates for all
26	of the last four years; that every associate regularly worked one or two or any number of hours of
27	/////
28	/////

4

1 overtime per week; that every associate qualified for and was consistently deprived of meal and
2 rest breaks every week, fifty weeks per year for four years; and that associates were consistently
3 paid a specific amount less than the minimum wage.  These assumptions, in defense against a
4 factual attack, do not establish this court's jurisdiction.

5       The many alternative calculations USANA proposes in its opposition do not take the place
6 of evidence.  They are also only allegations.  *See* Opp'n at 11–14.  These alternative calculations
7 also demonstrate how arbitrary USANA's assumptions are: they show how simple it is to
8 manipulate the assumptions to produce totals larger or smaller than the $5 million threshold.
9 *See id.* at 11–13 & n.6 (showing amount in controversy would fall below $5 million if fewer
10 associates worked fewer hours or made closer to the minimum wage).

11       Nor can USANA succeed by arguing Lacasse is in a better position to collect and produce
12 evidence.  *See id.* at 6–7.  This court is bound by the Ninth Circuit's decisions, including *Harris*,
13 and cannot relieve USANA of its evidentiary burden.  Even if it could, the unfairness USANA
14 protests is illusory.  If a defendant suspects but does not know that more than $5 million is in
15 controversy, then it may investigate its own records, conduct discovery, and obtain the evidence it
16 needs to assure itself and prove that a federal district court would have jurisdiction over its
17 claims.  *See, e.g.*, 28 U.S.C. § 1446(b)(3) (permitting removal "within 30 days after receipt by the
18 defendant . . . of a copy of an . . . order or other paper from which it may first be ascertained that
19 the case is one which is or has become removable"); *Roth v. CHA Hollywood Med. Ctr., L.P.*,
20 720 F.3d 1121, 1125 (9th Cir. 2013) (permitting defendant to remove action under Class Action
21 Fairness Act "outside the two thirty-day periods on the basis of its own information, provided that
22 it has not run afoul of either of the thirty-day deadlines").

23 **III.  CONCLUSION**

24       Like the defendant in *Harris*, USANA had every opportunity to offer evidence in response
25 to Lacasse's objections.  *See* 980 F.3d at 702.  It did not.  The motion to remand is thus **granted**,
26 and the motion to dismiss is **denied** as moot.  The parties' recent joint request to reschedule the
27 /////
28 /////

status conference is also **denied** as moot.  This order resolves ECF Nos. 5, 7, and 18. This action is **remanded** to the Sacramento County Superior Court.

IT IS SO ORDERED.

DATED: January 11, 2021.

CHIEF UNITED STATES DISTRICT JUDGE