UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Megan LaCasse, individually, and on behalf of other members of the general public similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>USANA Health Sciences, Inc. et al.,<br><br>               Defendants. | No. 2:20-cv-01186-KJM-AC<br><br>ORDER |

       Defendant USANA Health Sciences, Inc. moves to stay this court's order remanding the case to state court pending appeal. As explained in this order, because this court does not have jurisdiction to grant the relief USANA requests, its motion is **denied**.

       LaCasse filed a putative wage and hour class action against USANA in Sacramento County Superior Court last year. *See* Compl., Not. Removal Ex. B, ECF No. 1-2. USANA then removed the case to this court under the Class Action Fairness Act, ECF No. 1, and LaCasse moved to remand, ECF No. 7. This court granted LaCasse's motion to remand, sent a copy of the certified remand order to Sacramento County Superior Court, and closed the case. *See* Remand Order, ECF No. 19. USANA then petitioned the Ninth Circuit for permission to appeal the

1  remand order under 28 U.S.C. § 1453(c).  *See* Pet'n, Mot. Stay Attach. 1, ECF No. 20-1.

2  USANA also asked this court to reopen the case and stay its remand order pending appeal.  Mot.

3  Stay at 1, ECF No. 20.  LaCasse opposes the motion, Opp'n Stay, ECF No. 24, and USANA

4  replied, ECF No. 25.  The court took the matter under submission without argument.  Minute

5  Order, ECF No. 23.  The Ninth Circuit has not yet acted on USANA's petition.

6       A district court must remand a case if it determines the case was improperly removed.

7  28 U.S.C. § 1447(c).  Once a district court certifies a remand order, it has no jurisdiction and can

8  take no further action in the case.  *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837

9  F.2d 413, 414 (9th Cir. 1988).  As a result, because this court held it lacked jurisdiction and sent a

10 certified copy of its order to the state court, it can take no further action in this case.  Several

11 other district courts, both within and outside the Ninth Circuit, have reached this same conclusion

12 in cases removed under the Class Action Fairness Act, and their reasoning is persuasive.  *See*

13 *Skiles v. CarePlus Health Plans, Inc.*, No. 14-80892, 2014 WL 5320135 (S.D. Fla. Oct. 16,

14 2014); *In re Oxycontin Antitrust Litig.*, No. 08-3380, 2011 WL 4801360 (S.D.N.Y. Oct. 6, 2011);

15 *Migis v. AutoZone, Inc.*, No. 08-1394, 2009 WL 690627 (D. Or. Mar. 6, 2009).

16      As USANA points out, however, other district courts have held that the Class Action

17 Fairness Act created an exception to the rule against reopening remanded cases, and the Ninth

18 Circuit has not resolved the split.  *See* Mot. Stay at 3–4.  The decisions USANA points to all rely

19 on 28 U.S.C. § 1453(c), which provides that "a court of appeals may accept an appeal from an

20 order of a district court granting or denying a motion to remand a class action."  28 U.S.C.

21 § 1453(c).  *See generally, e.g.*, *Manier v. Medtech Prod.*, Inc., 29 F. Supp. 3d 1284 (S.D. Cal.

22 2014).  These courts' reasoning is sparse but straightforward: because the Class Action Fairness

23 Act permits circuit courts to accept an interlocutory appeal of an order remanding a class action,

24 district courts must also have jurisdiction to reopen and stay the remanded case pending the

25 discretionary appeal.  *See, e.g.*, *id.* at 1287.  Otherwise the right to an appeal "would be somewhat

26 toothless."  *Zielinski v. First Nat'l Ins. Co. of Am.*, No. 19-06244, 2020 WL 2507993, at *1 (W.D.

27 Wash. May 15, 2020).  Although that reasoning has some appeal at first blush, it is unpersuasive

28 on closer examination.

First, § 1453(c) says nothing about stays and district courts. It mentions only appeals and circuit courts. The Ninth Circuit has also held unambiguously that district courts may take no action post-remand. *See Seedman*, 837 F.2d at 414 ("Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case."). This court has already determined it lacks subject matter jurisdiction. Adopting USANA's position here would give greater weight to an exception inferred from reading between the lines of § 1453(c) to find text Congress did not include, rather than to the combined heft of (1) longstanding circuit precedent limiting a district court's post-remand jurisdiction and (2) this court's own pre-remand decision that it lacks jurisdiction over this case. This court declines to "cast aside" binding authority and its own decisions. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001); *cf. 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (limiting reconsideration to cases in which "newly discovered evidence," "clear error," or "an intervening change in the controlling law" make it necessary).

Second, the right to an appeal does not necessarily imply the district court retains jurisdiction, let alone jurisdiction to reopen the case, halt litigation in state court and stay litigation in federal court as well. An appeal ordinarily "*divests* the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) (emphasis added). "Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals." *Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar.*, 661 F.2d 119, 124 n.6 (9th Cir. 1981). These rules avoid duplication of effort, confusion and conflicting decisions. If this court had jurisdiction to hear and decide post-remand motions while an appeal was pending, the parties would be litigating concurrently in three different courts: discovery and pretrial litigation in state court, motion practice over a stay in federal district court, and litigation over the propriety of a remand in the federal court of appeals. The better course is to permit one of the two courts that does have jurisdiction—the state court or the federal circuit court—to consider motions to stay or for other equitable relief.

Third, the right to an appeal does not become illusory just because a district court cannot issue a stay. If this court wrongly remanded the case, the Ninth Circuit can quickly grant USANA permission to appeal, reverse and remand. Litigation would resume in this court. The Class Action Fairness Act indeed requires circuit courts to "complete all action . . . not later than 60 days" after the appeal is filed. 28 U.S.C. § 1453(c). Litigation in state court will not go to waste if the case eventually returns to this court. Documents, interrogatory responses, deposition transcripts, and other discovery materials could follow the case back into federal court. The beneficiary of any pretrial motion practice in state court can advocate the state court's conclusions or ask this court to give them preclusive effect. While California's discovery and procedural rules do not align precisely with the Federal Rules of Civil Procedure, the negative effects of any misalignments are not dire. If the litigation returns to the federal courts, this court can structure discovery and pretrial litigation to avoid wasteful discovery and motion practice.

In conclusion, because § 1453(c) does not give this court jurisdiction to take any further action in this case, the motion to stay is **denied**.

This order resolves ECF No. 20.

IT IS SO ORDERED.

DATED: March 8, 2021.

CHIEF UNITED STATES DISTRICT JUDGE